UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0101(1) (PJS/SER) |
| | Case No. 20-CV-01607 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FLEMING, | |
| Defendant. | |

Defendant Michael Fleming pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 1, 20. The Court sentenced him to 77 months in prison and three years of supervised release. ECF No. 39. Fleming did not file a direct appeal.

This matter is before the Court on Fleming's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Fleming argues that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons that follow, Fleming's motion is denied. Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206–07 (8th Cir. 2013).

Under *Rehaif*, a defendant's knowledge of his prohibited status is an element of a § 922(g) offense. *Rehaif*, 139 S. Ct. at 2194. As relevant to Fleming's case, this means that

the government had to prove that Fleming knew that he was a felon at the time that he possessed the firearm. Because the Court did not advise Fleming of this element of the offense during his change-of-plea hearing, his guilty plea was constitutionally defective. *See United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020). But because Fleming did not challenge the validity of his guilty plea on direct appeal, his claim is procedurally defaulted. *See Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000). To overcome the default, Fleming must establish either cause and actual prejudice or that he is actually innocent. *Id.*

Fleming does not contend that he can establish either cause and prejudice or actual innocence, and it is apparent that he cannot. Although the law in the Eighth Circuit did not require the government to prove knowledge of his status as a felon at the time Fleming pleaded guilty, that does not excuse his failure to raise the issue. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (futility is insufficient to establish cause). Even if Fleming could establish cause, he cannot establish either prejudice or actual innocence because he admitted in his plea agreement that, at the time he possessed the firearm, he knew that he was not allowed to possess the firearm due to his previous felony convictions. ECF No. 20 ¶ 1; *see also* ECF No. 24 at 23–24 (admitting at plea colloquy that he knew that his possession of the firearm was illegal). Fleming also knew that he had previously served multiple sentences in excess of a year.

Presentence Report ¶¶ 47–49.  Clearly, then, Fleming cannot establish prejudice or actual innocence.  *See Bousley*, 523 U.S. at 623 (to establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him); *United States v. Caudle*, 968 F.3d 916, 921–22 (8th Cir. 2020) (finding no reasonable probability that, but for *Rehaif* error, the defendant would not have pleaded guilty where the record established that the defendant had previously served more than one year in prison); *O'Rourke v. Endell*, 153 F.3d 560, 570–71 (8th Cir. 1998) (if a defendant cannot establish that the result of the proceeding would have been different, he necessarily cannot establish prejudice necessary to overcome a procedural default).

      Rather than arguing that he can establish cause and prejudice or actual innocence, Fleming contends that the failure to advise him of an element of the offense at his change-of-plea hearing constituted structural error, relying on *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020).  But the Eighth Circuit has rejected *Gary* and held that *Rehaif* error is not structural.  *See Coleman*, 961 F.3d at 1029–30.  The other circuits to have addressed the issue have done likewise.  *See, e.g., United States v. Watson*, No. 19-3658, 2020 WL 4037923, at *3 (6th Cir. July 17, 2020); *United States v. Trujillo*, 960 F.3d 1196, 1201–08 (10th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187–88 (5th Cir. 2020), *pet. for cert. filed*, No. 20-5489 (U.S. Aug. 25, 2020).  The Court therefore denies Fleming's § 2255 motion as procedurally defaulted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion of defendant Michael Fleming to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 41] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 9, 2020    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge